JOURNAL ENTRY and OPINION
Defendant-appellant Major Lee appeals from both the sentence imposed by the trial court after appellant entered guilty pleas to two counts of rape and the trial court's subsequent determination appellant is a sexual predator.
Appellant contends neither the sentence nor the determination is supported adequately since the trial court's statements on the record did not justify its decisions. This court agrees with appellant with regard to the sexual predator determination but disagrees with appellant with regard to his sentence. Therefore, the trial court's order of sentence upon appellant is affirmed; however, the trial court's classification of appellant as a sexual predator is vacated, and this case is remanded for a new classification hearing.
The record reflects appellant originally was indicted in this case on five counts of rape, R.C. 2907.02; two counts of kidnapping, R.C.2905.01; and one count of felonious assault, R.C. 2903.11. The counts related to offenses that had occurred on two separate dates in March, 2000 against two different adult female victims. Seven of the counts carried a sexually violent predator specification, and three counts contained a sexual motivation specification. Appellant entered pleas of not guilty to the charges at his arraignment.
After several months and numerous pretrial hearings, a plea agreement ultimately was reached in the case. Upon being notified of this event, the trial court held a hearing on the matter. The parties indicated that in exchange for the state's deletion of the specifications and its dismissal of the remaining counts, appellant would enter a plea of guilty to one count of rape as to each victim. The trial court conducted a colloquy with appellant, then accepted his pleas to the amended charges. Appellant thereupon was referred to the probation department for a presentence investigation and report.
One month later, appellant's case was called for both a sentencing and an R.C. 2950.09(B)(1) classification hearing.[1] The trial court indicated it had reviewed the presentence report, listened to the statements of the two victims, then permitted appellant to speak. Subsequently, the trial court pronounced sentence upon appellant as follows:
All right. * * *
 In reference to Count 1, the Court is going to impose the maximum term of ten years.
 Regarding [the other victim], I'm also going to order that the Defendant serve ten years on Count 6 to run concurrent to Count 1.
 The reason why this Court is imposing the maximum term is because I feel that the offender committed the worse form of the offense. Secondly, there were multiple victims in this case. Thirdly, there was a weapon used, and there was some physical harm done to the victims, not only by the sexual acts but by the weapon. Fourthly, I think your client showed some remorse but nowhere near enough to what I consider, based upon the demeanor and his demeanor and the seriousness of these offenses, these are very serious offenses and he did say he was sorry, but he didn't really address it to the point that I think he should have.
 Now, both these victims suffered not only serious physical harm but I believe both these victims have suffered serious mental harm which the Court prays that they will receive treatment from our government.
 The statements by the two victims in this case are consistent and that's why I'm imposing the maximum term of ten years.
Proceeding to the classification portion of the hearing, the trial court accepted several exhibits into evidence. These consisted of the medical records of the victims relating to the attacks, the DNA analysis report that indicated appellant's semen had been discovered in one of the victims, and the presentence report.[2] The trial court heard the arguments of the prosecutor and defense counsel, then, without further explanation, stated simply that appellant was "hereby adjudicated to be a sexual predator."
Appellant has filed a timely appeal from the trial court's orders of sentence and classification. He presents two assignments of error for review, which will be considered in reverse order.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM TERMS OF INCARCERATION WHERE THE RECORD DOES NOT SUPPORT THE SENTENCE.
Appellant argues the trial court's sentence was improper. Appellant contends the trial court's comments were inadequate to comply with the requirements for imposition upon him of the maximum term of incarceration for his offense. In view of the relevant statutes and the supreme court's opinion in State v. Edmonson (1999), 86 Ohio St.3d 324, appellant's argument is unpersuasive.
Appellant entered pleas of guilty to two counts of rape. That crime is a first degree felony punishable by a term of incarceration of a minimum of three years up to a maximum of ten years, R.C. 2907.02(B); R.C.2929.14(A)(1). The trial court's consideration of the appropriate length of the term of incarceration to impose upon an offender for his conviction is guided by R.C. 2929.11 through R.C. 2929.14.
The first statute advises the trial court to consider the overriding purposes of felony sentencing as set forth by the legislature, viz., to protect the public from future crime and to punish the offender. The trial court must impose a sentence that is commensurate with and not demeaning to the seriousness of the conduct and, further, that is consistent with sentences imposed for similar offenses.
The second statute sets forth numerous factors for the trial court to consider that relate to the seriousness of the offender's conduct and the likelihood that the offender may commit similar crimes in the future. The trial court also is directed to consider any other factor relevant to the purposes and principles of sentencing.
R.C. 2929.13, then, provides guidance to the trial court concerning the degree of felony for which the offender is convicted. In relevant part, it states:[3]
§ 2929.13 Guidance by degree of felony.
 (A) Except as provided in division * * *, (F), * * * of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. * * *
* * *
 (F) Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms * * * [and] shall not reduce the terms * * * for any of the following offenses:
 (1) Aggravated murder when death is not imposed, or murder;
 (2) Any rape, regardless of whether force was involved and regardless of the age of the victim, or an attempt to commit rape by force when the victim is under thirteen years of age;
* * *
(Emphasis added.)
Finally, the relevant provisions of R.C. 2929.14 state:
§ 2929.14 Basic prison terms.
 (A) Except as provided in division (C), (D)(2), (D)(3), (D)(4), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by division (G)(1) of section 2929.13 of the Revised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
 (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
* * *
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, [or] in section 2907.02 of the Revised Code, * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in division (G) of this section * * *, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
* * *
 (G) If a person is convicted of or pleads guilty to a sexually violent offense and also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging that offense, the court shall impose sentence upon the offender in accordance with section 2971.03 of the Revised Code, and Chapter 2971. * * *
(Emphasis added.)
From the foregoing, the following can be gleaned: If a specific penalty for the rape offense is not stated in R.C. 2907.02(B), and if the offender previously has served a prison term, once a trial court makes the requisite findings justifying a maximum term of incarceration under R.C. 2929.14(C), it has fulfilled its statutory duty. See, e.g., State v. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908, unreported, appeal dismissed (2001), 747 N.E.2d 250; State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297, unreported; State v. Delaney (Aug. 20, 1999), Hamilton App. No. C-981017, unreported.
In this case, the record reflects that prior to imposing the maximum term for the offense of rape upon appellant, the trial court complied with both the statutory directives and the directives contained in State v. Edmonson, supra.
The trial court indicated it had considered the relevant factors and believed appellant had committed extremely serious offenses and had committed the "worst" forms of the offenses in that he harmed each victim both physically and mentally and lacked adequate remorse for the crimes. The trial court later also noted appellant previously had served prison terms in Georgia.
Since a review of the record in this case thus supports the trial court's imposition of the maximum term of incarceration for the offense of rape, appellant's second assignment of error is overruled. State v. Gladden, supra; State v. Smith (Mar. 9, 2000), Cuyahoga App. No. 75512, unreported; State v. Owens (Nov. 24, 1999), Cuyahoga App. No. 75434, unreported.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN NOT CONSIDERING THE FACTORS SET FORTH IN 2950.09(B)(2) PRIOR TO ADJUDICATING APPELLANT A SEXUAL PREDATOR.
Appellant asserts the trial court's brief statement classifying him as a sexual predator without further comment was statutorily improper. This court agrees.
Regarding a factually similar situation, the Ohio Supreme Court recently has observed in relevant part as follows:
 * * * [A]t the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3).
 The General Assembly supplied the trial court with several factors to consider in making this weighty decision. * * * * * * As noted by the court of appeals, "[c]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 364, 120 N.E.2d 118, 123.
* * *
 We find that the trial court abused its discretion * * * in essentially adjudicating defendant a sexual predator on the basis of one factor (nature of the sexual conduct) * * *.
 Although certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, "to protect the safety and general welfare of the people of this state." R.C. 2950.02(B). Thus, if we were to adjudicate all sexual offenders as sexual predators, we run the risk of "being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law.
 This result could be tragic for many." State v. Thompson (Apr. 1, 1999), Cuyahoga App. No. 73492, unreported, 1998 WL 1032183. Moreover, the legislature would never have provided for a hearing if it intended for one conviction to be sufficient for an offender to be labeled a "sexual predator."
 Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses. Not only is this determination problematic for the trial court to make, but it is certainly confounding to review on appeal without an adequate record.
 Accordingly, we believe that trial courts, prosecutors, and defense attorneys should adhere to some basic standards to meet the criteria required in an R.C. 2950.09 hearing. * * *
* * *
 [T]he trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.
 See State v. Thompson, supra. See, also, State v. Russell (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437.
 We are cognizant of our statement in State v. Cook, supra, that R.C. 2950.09 does not require the court to list all criteria, but only to consider all relevant factors in making its findings. Id., 83 Ohio St.3d at 426, 700 N.E.2d at 587. However, we also noted in Cookthat the sexual offender classification hearing in that case was not a model hearing. Id., at 425, 700 N.E.2D at 587.
 Therefore, we are suggesting standards for the trial courts that will aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender.
 As we observed above, under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication. However, the scant "evidence" presented at this sexual offender classification hearing fell short of establishing by clear and convincing evidence that the defendant was likely to engage in one or more sexually oriented offenses in the future.
 Accordingly, we affirm that portion of the court of appeals' judgment that directed the trial court on remand to consider "all parts of the record available to the court," * * *.
State v. Eppinger (2001), 91 Ohio St.3d 158 at 163-167. (Emphasis in original; underscoring added.)
From the foregoing, although the record contains evidence that would support it, it is clear the trial court's pronouncement of its determination of appellant's classification without any discussion constitutes reversible error. State v. Grimes (Apr. 12, 2001), Cuyahoga App. No. 78496, unreported; State v. Ferrell (Mar. 18, 1999), Cuyahoga App. No. 72732, unreported.
Accordingly, appellant's first assignment of error is sustained.
Appellant's sentence is affirmed. Based upon this court's disposition of appellant's first assignment of error, however, the trial court's order of classification of appellant as a sexual predator is vacated. It follows that the proper order of disposition is to remand this case for further proceedings pursuant to State v. Eppinger, supra. State v. Ward (1999), 130 Ohio App.3d 551 at 563; State v. Abelt (May 31, 2001), Cuyahoga App. No. 77754, unreported; State v. Copeland (Dec. 18, 2000), Cuyahoga App. Nos. 77333, 77500, 77501, 77502, 77517, unreported; State v. Wilson (Oct. 6, 2000), Cuyahoga App. No. 77530, unreported; State v. Gregory (Sept. 30, 1999), Cuyahoga App. No. 74859, unreported; State v. Johnson (Sept. 30, 1999), Cuyahoga App. No. 74841, unreported.
This result obtains for two reasons. First, the Ohio Supreme Court repeatedly has emphasized that sexual classification hearings are not punitive in nature. State v. Gowdy (2000), 88 Ohio St.3d 387 at 398;State v. Williams (2000), 88 Ohio St.3d 513 at 528; State v. Cook (1998),83 Ohio St.3d 404. Second, the supreme court also has emphasized that a significant portion of the statutory scheme after a period of time permits persons who already have been classified to petition the trial court for a review of their status. State v. Cook, supra at 408; State v. Williams, supra at 419.
This court thus concludes the trial court's decision following a classification hearing does not have res judicata effect[4] and an order of remand for further proceedings entirely is appropriate.
Judgment accordingly.
This case is affirmed in part, vacated in part, and remanded for further proceedings consistent with this Opinion.
It is ordered that appellee and appellant share equally in the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and TERRENCE O'DONNELL, J. CONCUR
[1] Appellant makes no assertion the trial court failed to comply with the supreme court's decision as set forth in State v. Gowdy (2000), 88 Ohio St.3d 387.
[2] Only the presentence report has been provided to this court on appeal.
[3] The statutory provisions in effect at the time the offenses were committed are set forth in this opinion.
[4] Of course, an appeal of the trial court's decision may be filed by either "the offender" or "the prosecutor." R.C.2950.09(C)(2)(b)(v).